IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

**RICKEY WHITE,**

    **Petitioner,**

v.

**STATE OF OKLAHOMA,**

    **Respondent.**

Case No. 24-CV-441-JFH-DES

## OPINION AND ORDER

Petitioner Rickey White ("Petitioner"), a state prisoner appearing pro se, commenced this action by filing a Petition for Writ of Prohibition and/or Mandamus, naming the State of Oklahoma as the sole defendant. Petitioner requests this Court "require the State of Oklahoma to dismiss the 1st degree murder charged against him because of insufficient information when there [was] no arrest warrant" and to require the District Court of Choctaw County, Oklahoma to "hold [a] Franks hearing on probable cause." Dkt. No. 1 at 1-2.

Upon review of the petition, the Court determines Petitioner has not articulated any basis for federal subject matter jurisdiction. The basis for federal jurisdiction must be affirmatively pleaded. *See* Fed. R. Civ. P. 8(a)(1). A party seeking to invoke federal subject matter jurisdiction must allege either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. *See Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003). Petitioner is a citizen of Oklahoma suing the State of Oklahoma, and he does not claim an amount in controversy exceeding $75,000. The Court, therefore, does not have jurisdiction under § 1332. Thus, the jurisdictional inquiry turns on whether Petitioner's action can be construed as arising under federal law within the meaning of § 1331. "For a case to arise under federal law . . . , the plaintiff's 'well-pleaded complaint' must establish one of two things: 'either that federal law

creates the cause of action or that [his] right to relief necessarily depends on resolution of a substantial question of federal law.'" *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (quoting *Nicodemus*, 318 F.3d at 1232). Petitioner cites state law, rather than federal law, as the authority purportedly permitting his requested relief and has therefore failed to affirmatively plead federal question jurisdiction under § 1331. *See* Dkt. No. 1 at 1.

Further, even if the petition could be liberally construed as a petition for writ of mandamus arising under 28 U.S.C. § 1361, the Court nonetheless would lack jurisdiction over Petitioner's claims. Section 1361 does not confer jurisdiction where, as here, the petitioner seeks a writ of mandamus compelling state action. Rather, it confers jurisdiction to federal courts to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361; *see Sockey v. Gray*, 159 F. App'x 821, 822 (10th Cir. 2005) ("Federal courts are without jurisdiction to grant a writ of mandamus against state and local officials."); *Harris v. Dep't of Corr.*, 426 F. Supp. 350, 351 (W.D. Okla. 1977) ("United States District Courts simply do not have any jurisdiction [to issue a writ of mandamus] to compel a state or its officers to perform any duty owed to the plaintiff under state law."); *Jaquez v. Taylor*, No. CIV-18-1032-HE, 2019 WL 1575806, at *4 (W.D. Okla. Mar. 14, 2019) ("[A] federal district court's mandamus power extends only to federal officials or agencies, and thus, this Court has no authority under the mandamus provision to direct a state judge's actions as Plaintiff requests.").

Finally, to the extent the petition could be liberally construed as a petition for writ of habeas corpus arising under 28 U.S.C. § 2254, it fails due to the same jurisdictional defect. Federal courts lack jurisdiction to consider the merits of a § 2254 petition for writ of habeas corpus that is second or successive, absent prior authorization from the circuit court. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). A review of the Court's own records confirms that the petition, if construed

under § 2254, would be successive, and Petitioner has not demonstrated that he has received authorization to proceed from the Tenth Circuit Court of Appeals. *See White v. Farris*, No. CIV-21-108-RAW-KEW, 2021 WL 5015602, at *1 (E.D. Okla. Oct. 28, 2021) (finding Petitioner's § 2254 petition challenging his first-degree murder conviction was second or successive, and delineating Petitioner's prolific history of filing successive § 2254 petitions); *see White v. Farris*, No. 21-7060, 2022 WL 454009, at *1 (10th Cir. Feb. 15, 2022) (denying Petitioner's application for a certificate of appealability, noting, "Mr. White has filed numerous habeas petitions and motions for authorization to file second or successive habeas petitions, all of which have been denied").[1]

IT IS THEREFORE ORDERED that the Petition for Writ of Prohibition and/or Mandamus [Dkt. No. 1] is DISMISSED without prejudice for lack of jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure. A separate judgment of dismissal shall be entered in this matter.

Dated this 10th day of April, 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[1] To the extent the petition could be liberally construed as arising under § 2254, the Court finds it is not "in the interest of justice" to transfer the matter to the Tenth Circuit for authorization. *In re Cline*, 531 F.3d at 1252. The Court further denies a certificate of appealability, as the Court finds that no reasonable jurists would debate the procedural dismissal of the petition. 28 U.S.C. § 2253(c); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).